UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES PHRANCE, | Civil Action No. 14-7693 (CCC) |
| Petitioner, | |
| v. | OPINION |
| JEH JOHNSON, et al., | |
| Respondents. | |

**CECCHI, District Judge**:

Presently before the Court is Petitioner Charles Phrance's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241 ("Petition"). The Petition was originally filed in the Southern District of New York, and per that court's December 3, 2014 order, the case was transferred to this Court. Petitioner is challenging his detention by immigration officials pursuant to the mandatory detention statute under 8 U.S.C. § 1226(c). At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For reasons stated below, the Court will allow the Petition to proceed.

## I. FACTUAL BACKGROUND

Petitioner alleges in the Petition that he was detained by immigration officials on September 11, 2013, pursuant to the mandatory detention statute under § 1226(c). (ECF No. 2 at 4.) The underlying offenses giving rise to the mandatory detention were two convictions for possession of a controlled substance in the seventh degree in violation of Section 220.03 of New York penal law. *Id.* In one conviction, Petitioner was arrested on November 4, 2006, pled guilty, and was sentenced to time served on the next day. *Id.* In the other conviction, Petitioner was

arrested on February 8, 2004, pled guilty, and received a conditional discharge the next day. *Id.* At his initial hearing after detention, the Immigration Court determined that Petitioner was subject to mandatory detention. *Id.* at 4-5. Petitioner asserts that he poses no threat to the community, and that he is not a flight risk, arguments he also made to the Immigration Court. *Id.* at 6. There is no allegation that Petitioner's removal proceedings have been finalized and a final order of removal issued.

Petitioner makes two claims for relief. First, Petitioner cites Southern District of New York law, which states that "the plain language of the statute . . . manifests Congress' clear intent that there must be a nexus between the date of release and the removable offense." *Louisaire v. Muller*, 758 F. Supp. 2d 229, 236 (S.D.N.Y. 2010) (quoting *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 182 (S.D.N.Y. 2009)). Because Petitioner's detention came almost seven years after he was released from the later of the two stated removable offenses, Petitioner asserts that his detention is contrary to federal law. Petitioner's second claim is simply that his prolonged detention is unconstitutional by its sheer length.

## II.  STANDARD OF REVIEW

This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445–46 (3d Cir. 2005).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *U.S. v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached

2

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

#### A. Mandatory Detention

In his first claim, Petitioner relies on Southern District of New York precedent that requires detention to be contemporaneous with release from the underlying offense that gave rise to mandatory detention under § 1226(c). *See Louisaire*, 758 F. Supp. 2d at 236. However, this Court must abide by Third Circuit precedent.

In *Sylvain v. Attorney General*, the Third Circuit held that DHS retains the authority to take aliens into mandatory detention under § 1226(c) even if it does not do so immediately upon their release from criminal custody. 714 F.3d 150, 156-57 (3d Cir. 2013). "[M]andatory detention does not require immediate detention." *Id.* at 156. "Even if the statute calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay." *Id.* at 157.

Here, Petitioner admits that he was convicted and sentenced to an enumerated crime under § 1226(c), and that he was detained by DHS because of that conviction. (ECF No. 2 at 4.) Even though Petitioner's detention occurred almost seven years after his sentence and release from incarceration, under *Sylvain*, DHS retains full authority to detain Petitioner pursuant to § 1226(c) no matter how much time has passed. As such, Petitioner is not entitled to relief on this ground.

### B. Length of Detention

Petitioner further alleges that his detention is unconstitutional because he has been in custody since September 11, 2013, which at present means Petitioner has already been in detention for over 19 months. In *Chavez-Alvarez v. Warden York Cnty. Prison*, No. 14-1402, 2015 WL 1567019 (3d Cir. Apr. 9, 2015) (precedential), the Third Circuit held that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [petitioner] had been detained for one year, the burdens to [petitioner]'s liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at *7. "We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [petitioner]'s continued detention was or is necessary." *Id.*

Here, the Court finds the Petition has facially stated a claim that requires an answer from Respondents pursuant to Rule 4. A 19-month detention without justification is more than three times the six-month period that *Chavez-Alvarez* allows the government to detain someone under § 1226(c) without justification, and certainly well over the one-year threshold when the presumption of validity becomes untenable. As such, the Court will require Respondents to file an answer on the issue of Petitioner's prolonged detention.[1]

### IV. CONCLUSION

For the reasons set forth above, Petitioner's claim based on the argument that mandatory detention must be contemporaneous with release from the underlying offense is DISMISSED. All

---

[1] The Court hereby dismisses all Respondents other than Oscar Aviles from the case. "[I]n habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

4

Respondents other than Oscar Aviles are DISMISSED. The Respondent shall file an Answer with the Court justifying Petitioner's continued detention under § 1226(c).

Dated: May 7, 2015

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s/ Claire C. Cecchi
　　　　　　　　　　　　　　　　　　　　　　　　　　　Claire C. Cecchi, U.S.D.J.