**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES PHRANCE, | |
| Petitioner, | Civil Action No. 14-7693 (CCC) |
| v. | **OPINION** |
| JEH JOHNSON, et al., | |
| Respondents. | |

**CECCHI, District Judge.**

Presently before the Court is Petitioner Charles Phrance's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241 ("Petition"). (ECF No. 2.) The Petition was originally filed in the Southern District of New York, and per that court's December 3, 2014 order, the case was transferred to this Court. (ECF No. 15.) The Court ordered Respondent Oscar Aviles ("Respondent") to answer on May 7, 2015 (ECF No. 23),[1] and Respondent filed an Answer on June 16, 2015. (ECF No. 24.) Petitioner filed a Reply on June 29, 2015. (ECF No. 25.) For reasons stated below, the Petition is denied.

### I. FACTUAL BACKGROUND

The Court incorporates by reference the factual findings of its May 7, 2015 opinion (ECF No. 22), and will only recite relevant facts for the purposes of this Opinion here. After the May 19, 2014 Petition for Writ of Habeas Corpus was filed, on July 17, 2014, an order of removal was issued against Petitioner. (ECF No. 24-1 at 5.) On November 25, 2014, the Board of Immigration

---

[1] All other Respondents were dismissed in the Court's May 7, 2015 Order. (*See* ECF No. 23.)

Appeals ("BIA") dismissed Petitioner's appeal, rendering the order of removal final. *Id.* On December 11, 2014, Petitioner appealed to the Second Circuit, and on December 13, 2014, Petitioner filed a request for stay of removal. *Id.* On July 30, 2015, the Second Circuit denied Petitioner's motion for stay. (ECF No. 29 at 1.)

## II. DISCUSSION

At the outset, the Court's May 7, 2015 order to answer specifically instructed Respondent to address the issues raised in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), because at that time the Court did not know a final order of removal had been issued against Petitioner. Now that an order of removal has been entered, *Chavez-Alvarez*, which deals with pre-removal-order detention, *see id.* at 474-75, is no longer controlling. Petitioner's claim challenging the length of his detention, however, is applicable to post-removal-order detention. As such, the Court will address Petitioner's claim on the merits.

Detention pending removal ("Post-removal-order detention") is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

    (i)    The date the order of removal becomes administratively final.

    (ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

    (iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Id. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon waiver of appeal by the respondent." 8 C.F.R. § 1241.1(b). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C.

§ 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The U.S. Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678 (2001), that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely pending removal, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

However, where an alien's challenge to a removal order prevents his removal, the six-month reasonable period of *Zadvydas* is extended. *See Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *3 (D.N.J. Mar. 16, 2015) (citing *Evangelista v. Ashcroft*, 204 F. Supp. 2d 405, 409 (E.D.N.Y. 2002)); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process . . . has a definite and evidently impending termination point" and is therefore lawful); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th

Cir. 2002) (the filing of a motion for stay of deportation interrupts the running of time under *Zadvydas*).

Here, Petitioner's order of removal became final on November 25, 2014, when the BIA dismissed Petitioner's appeal, which started his six-month *Zadvydas* period. Petitioner appealed that decision on December 11, 2014, and filed a request to stay removal on December 13, 2014. As such, Petitioner's *Zadvydas* period ran from November 25, 2014 to December 13, 2014, or for 18 days. According to Respondent, the primary reason why Petitioner has not been removed is because the government has a forbearance agreement with the Second Circuit that prevented removal of Petitioner while his stay request was pending. (ECF No. 24-1 at 6.) Consequently, Petitioner's *Zadvydas* period was tolled while Petitioner's stay request was pending. *See Brodyak*, 2015 WL 1197535, at *3. That stay request was denied on July 30, 2015, at which time the *Zadvydas* period began to run again. As of the date of this Opinion, the *Zadvydas* six-month period has not fully run, thus precluding the Court from granting habeas.

Even if the *Zadvydas* six-month period had run, Petitioner is not entitled to relief because Petitioner does not "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. In fact, in his Reply, Petitioner does not appear to argue removal is unlikely. Instead, relying on case law addressing pre-removal-order detention, Petitioner argues he is neither a danger to society nor a flight risk. (*See* ECF No. 25 at 2-5.) As *Zadvydas* makes clear, however, that is *not* the standard applicable to post-removal-order detention. Petitioner further argues that "respondent's brief utterly fails to substantiate its assertion that the petitioner will be deported in the reasonably foreseeable future." (*Id.* at 2.) Again, Petitioner misstates the law. *Zadvydas* requires *Petitioner* to bear the initial

4

burden of proof to show removal is reasonably unlikely; it does not require Respondent to show that removal is reasonably likely in the first instance.

Nevertheless, even though he has no obligations to do so, Respondent has provided affirmative evidence that removal is reasonably likely in the foreseeable future. Respondent submitted an affidavit from an immigration official, stating travel documents have been requested from Petitioner's home country, and Petitioner will be removed if and when the request for stay is denied. (ECF No. 24-1 at 6.) Petitioner does not seem to dispute these facts in his Reply. Therefore, the Court finds Petitioner's continued detention is presumptively reasonable and, even if it is not, Petitioner has failed to show removal is unlikely in the reasonably foreseeable future. Accordingly, the Court denies relief.

### III.   CONCLUSION

For the reasons set forth above, the Petition is DENIED.

Claire C. Cecchi, U.S.D.J.

Dated: December 8, 2015